**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------- x
MELISSA KIVO,                                       :
on behalf of Plaintiff and a class,                 :
                                                    :
               Plaintiff,                 :
                                                    :
    vs.                                           :
                                                    :
CREDIT CONTROL SERVICES, INC.,                      :
doing business as                                   :
CREDIT COLLECTION SERVICES,                         :
                                                    :
               Defendant.                 :
---------------------------------------------------- x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Melissa Kivo brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Credit Control Services, Inc., doing business as Credit Collection Services ("CCS").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Personal jurisdiction in is proper because Defendant sent its collection letters into this District.

4. Venue in this District is proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5. Plaintiff Melissa Kivo is a natural person residing in Nassau County, New York.

#### Defendant

6. Defendant  CCS is a corporation organized under the law of Delaware with its principal

place of business at 725 Canton Street, Norwood, MA 02062. It does business in New York. Its registered agent and office is C T Corporation System, 28 Liberty St., New York, New York, 10005.

7. CCS operates a collection agency, using the mails and telephone system to collect debts for others. It states on its website that "Credit Collection Services is recognized as one of the nation's largest and most respected collection firms." (https://www.ccsusa.com/index.html#opCo) On information and belief it has more than 500 employees.

8. Upon information and belief, almost all of Defendant CCS' resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant CCS' revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant CCS' expenses are related to debt collection.

11. Defendant Credit Control Services, Inc., doing business as Credit Collection Service is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

12. This action arises out of Defendant's attempts to collect a health care debt incurred for personal, family or household purposes.

13. On or about September 20, 2020, Defendant CCS caused a letter vendor to send Plaintiff the letter in Exhibit A.

14. The letter bears markings that are characteristic of one generated by a letter vendor.

15. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant

had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

16. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

17. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

18. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

19. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

20. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

21. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

22. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

23. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

24. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

25. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

26. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

29. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a class.

31. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

32. Plaintiff may alter the class definition to conform to developments in the case and discovery.

33. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

35. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

36. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                                                *s/ Abraham Kleinman*
                                                Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**



# CREDIT COLLECTION SERVICES

**CCS USA** — ESTABLISHED 1969

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

**CALL CENTER: (617) 581-1083**



79652 1 AB 0.416 T 156
MELISSA KIVO

Date: 09/20/20
File Number: ▇▇▇▇1192
Pin Number: ▇▇▇▇2216
DOS:

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇ |

Thank you for your attention at this time. As of 09/20/20, our records indicate that your past-due account remains unpaid. Please respond to this notice.

Please remit payment by mail (together with the payment stub portion of this notice), by telephone, or by visiting our self-service website @ www.ccspayment.com. If you would like to make suitable payment arrangements, our Customer Service Agents are available at (617) 581-1083. Let's work together to resolve this matter. Thank you.

Once full payment has been posted by this office, your account will be closed and returned to your creditor as paid-in-full. We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.


**SELF-SERVICE WEBSITE:** You can activate email messaging, upload correspondence, request telephone calls to stop, pay by check, Visa, MasterCard, Discover, arrange a payment plan, and more at our secure website: www.ccspayment.com.


**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1083.


**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: QUEST DIAGNOSTICS INCORPORATED.


**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 337, Norwood, MA 02062-0337 or fax to: (617) 658-5714. You can include a copy of this notice to avoid processing delays.

0016 - NY

---

File Number: ▇▇▇▇1192
Pin Number: ▇▇▇▇
MELISSA KIVO

NYC Dept. of Consumer Affairs License Number 1004218
Return call supervisor: Rebecca Abreu

## Go Green

We offer secure email messaging, as well as the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at: www.ccspayment.com.

**PLEASE PAY THIS AMOUNT:**
▇▇▇▇▇

Do not mail post-dated checks. You can call (617) 581-1083 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

8970000160797011920004217175