**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

MELISSA KIVO,
on behalf of Plaintiff and a class,

       Plaintiff,                  Civil No.: 2:21-cv-02985-BMC

v.

CREDIT CONTROL SERVICES, INC.
doing business as
CREDIT COLLECTION SERVICES,

       Defendant

---

## DEFENDANT CREDIT CONTROL SERVICES, INC.'S
## NOTICE OF CONSTITUTIONAL CHALLENGE

Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"), hereby serves Notice pursuant to Fed. R. Civ. P. 5.1(a) that its Answer in this case raises constitutional questions.

Plaintiff Melissa Kivo ("Plaintiff") filed this putative class action lawsuit alleging violations of the Fair Debt Collect Collection Practices Act, 15 U.S.C. § 1692, *et al.* Specifically, Plaintiff alleges that CCS violated 15 U.S.C. § 1692b(c), which bars debt collectors from communicating with most third parties in connection with the collection of any debt without the consent of the consumer who owes the debt or the express permission of a court of competent jurisdiction. Plaintiff asserts that CCS transmitted information to a letter vendor, which then printed and mailed a collection letter to Plaintiff on behalf of CCS. The basis of this claim appears to arise out of a recent 11th Circuit decision, *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

In its Answer, CCS raises the following constitutional challenges:

1. To the extent that 15 U.S.C. § 1692c(b) imposes a prior restraint on commercial speech, does that prior restraint violate the U.S. Const. amend. I?

2. If the Fair Debt Collection Practices Act permits a debt collector to use a service provider such as Western Union to transmit correspondence to a consumer via telegram but not to use a print-and-mail vendor to perform the same service, is 15 U.S.C. § 1692c(b) void for vagueness in violation of the U.S. Const. amend. V?

Dated: June 30, 2021

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: *[signature]*
Lori J. Quinn
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 453-0758
Fax: (212) 269-5505
ljquinn@grsm.com
*Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2021, a true and accurate copy of the foregoing Rule 5.1 Notice was filed and served upon the following parties and participants via ECF:

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Tel: (516) 522-2621
Fax: (888) 522-1692

Heather Kolbus
Admitted Pro Hac Vice
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Tel: (312) 739-4200
Fax: (312) 419-0379

*Attorneys for Plaintiff*

I hereby certify that on June 30, 2021, a true and accurate copy of the foregoing Rule 5.1 Notice was served via certified mail, postage prepaid, return receipt requested, upon:

The Honorable Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____/s/ Lori J. Quinn_____
Lori J. Quinn
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 453-0758
Fax: 212-269-5505
ljquinn@grsm.com
*Attorneys for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*

3