**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

```
--------------------------------------------------x
MELISSA KIVO,                              :
on behalf of Plaintiff and a class,        :          CIVIL CASE MANAGEMENT PLAN
                                           :
                              Plaintiff,   :          21-CV-02985 (BMC)
                                           :
               vs.                         :
                                           :
CREDIT CONTROL SERVICES, INC.,             :
                                           :
                              Defendant.   :
--------------------------------------------------x
```

**COGAN**, District Judge

After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Federal Rules Civil Procedure 16 and 26(f).

**A.**     The case (is)   (is not) to be tried to a jury.

**B.**     Non-Expert Discovery:

1.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York.  All non-expert discovery is to be contemplated by October 13, 2021 - presumptive date; propose December 13, 2021, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

1

2.      Joinder of additional parties must be accomplished by <u>September 24, 2021</u>.

3.      Amended pleadings may be filed without leave of Court until <u>September 24, 2021</u>.

**C.**      For all causes of action seeking monetary damages, each party shall identify and quantify in <u>Attachment B</u>, annexed hereto, each component of damages alleged; or if not known, specify and indicate by what date <u>Attachment B</u> shall be filed providing such information.

**D.**      Motions:

1.      Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions.  The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers:  supporting affidavits and briefs, opposing affidavits and briefs and reply affidavits and briefs.  Dispositive motions due on January 17, 2022; responses due on February 16, 2022; replies due March 9, 2022.

Plaintiff states that the procedural nature of deciding the merits of this case prior to class certification creates a one-way intervention problem.  "The rule bars potential class members from waiting on the sidelines to see how the lawsuit turns out and, if a judgment for the class is entered, intervening to take advantage of the judgment."  *Amati v. City of Woodstock*, 176 F.3d 952, 957 (7th Cir. 1999).  *Accord, Brecher v. Republic of Arg*., 806 F.3d 22, 26 (2d Cir. 2015); *Peritz v. Liberty Loan Corp*., 523 F.2d 349, 353-54 (7th Cir. 1975).  While this Court has discretion to make a determination on the merits prior to class certification, "it is 'difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.'"  *Philip Morris Cos. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir.

2

2000) *citing Bieneman v. Chicago*, 838 F.2d 962, 964 (7th Cir. 1988).  Defendant may waive any such argument against one-way intervention.  *Weissman v. Collecto, Inc.*, 17-cv-4402, 2019 U.S. Dist. LEXIS 8600, at *26 (E.D.N.Y. Jan. 17, 2019); *Mendez v. Radec Corp.*, 260 F.R.D. 38, 45-46 (W.D.N.Y. 2009).

Plaintiff proposes that the motion for class certification is briefed and decided in advance of filing dispositive motions to avoid any one-way intervention problems.  Plaintiff proposes that the motion for class certification is filed January 17, 2022; responses due February 16, 2022; and replies due March 9, 2022.  Plaintiff proposes that dispositive motions are filed 30 days after this Court's ruling on the plaintiff's motion for class certification.

2.      The last day for filing a letter, pursuant to Rule III.A.2. of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be December 21, 2021.  (1 week after completing non-expert discovery)  Responses to premotion conference letters due December 27, 2021.

a.      There shall be no cross-motions.  Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

b.      Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.**      Any requires for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief

requested, and proposed modified dates.  Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.**     Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Courts Individual rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

_____
                                    U.S.D.J.

Dated:  Brooklyn, New York
          _____, 2021

4

## CERTIFICATE OF SERVICE

I, Heather Kolbus, hereby certify that on Friday, July 9, 2021, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which caused notification to be sent via email to the following parties:

Lori Jean Quinn
GORDON REES SCULLY MANSUKHANI, LLC
One Battery Park Plaza, 28th Floor
New York, NY  1004
ljquinn@grsm.com

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY  11556
akleinman@kleinmanllc.com

*/s/ Heather Kolbus*
Heather Kolbus

Heather Kolbus
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5